# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                    No. CR 11-01784 JCH
                                                      No. CV 17-00190 JCH/KBM

RONALD C. ACOSTA,

    Defendant/Movant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant/Movant Ronald C. Acosta's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed February 6, 2017 (Doc. 66). The Court will dismiss the § 2255 Motion as barred by the statute of limitations.

**I.**     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 23, 2011, Acosta was charged with one count of conspiracy with intent to distribute over 50 grams of a methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. 1). The United States filed an Information to establish prior convictions on July 1, 2011, showing that Acosta had two state court convictions for trafficking a controlled substance. (Doc. 29). A July 6, 2011 Information charged Acosta with one count of conspiracy with intent to distribute over 50 grams of a methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 30).

Acosta pled guilty to both counts of the Information on July 6, 2011. (Doc. 33). He was then sentenced to 300 months imprisonment and final Judgment was entered on his conviction on December 17, 2012. (Doc. 61). Consistent with his Plea Agreement, Acosta did not file a direct appeal from the final Judgment. Acosta did file a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2), arguing that he was entitled to relief under U.S.S.G. Amendment 782. (Doc. 62). The Court determined that Acosta was not eligible for relief under Amendment 782 and dismissed the Motion to Reduce Sentence on April 20, 2016. (Doc. 64).

Acosta filed his *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on February 6, 2017. (Doc. 66). In his § 2255 Motion, Acosta asks the Court to vacate his sentence and resentence him without the career offender enhancement, because he claims his prior state convictions should not have been used in light of the United States Supreme Court's decisions in *Beckles v. United States,* 580 U.S. ___, No. 15-8544, slip op (March 6, 2017) and *Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243 (2016). (Doc. 66 at 4, 11).

## II. ANALYSIS

Acosta seeks collateral review of his sentence under 28 U.S.C. § 2255. Section 2255 provides:

> "A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

28 U.S.C. § 2255(a).  Section 2255(f) sets out the statute of limitations governing motions for collateral review of convictions and sentences:

> "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Acosta did not appeal from the judgment of conviction.  Absent a direct appeal or other proceeding attacking his conviction or sentence, Acosta's judgment of conviction became final in January 2013.  His February 6, 2017 filing, more than four years after his conviction became final, is untimely for purposes of 28 U.S.C. § 2255(f)(1).  *Clay v. United States*, 537 U.S. 522, 524 (2003).

Acosta seeks to avoid the bar of the statute of limitations by relying on *Mathis v. United States,* 579 U.S. ___, 136 S.Ct. 2243 (2016) and *Beckles v. United States,* 580 U.S. ___, No. 15-8544, slip op (March 6, 2017). Under § 2255(f)(3), a prisoner may file a habeas application within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f)(3). Acosta's Motion is timely only if *Mathis* or *Beckles* provides a new right made retroactive on collateral review.

3

In *Teague v. Lane*, 489 U.S. 288 (1989), the Supreme Court "laid out the framework to be used in determining whether a rule announced in [a Supreme Court opinion] should be applied retroactively to judgments in criminal cases that are already final on direct review." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). Under the *Teague* framework, an "old" rule applies both on direct and collateral review, but a "new" rule is generally applicable only to cases that are still on direct review." *Id.* "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301. The Court concludes that *Mathis* does not provide a new rule.

In *Mathis* the Supreme Court expressly stated that it was not announcing a new rule and that its decision was dictated by decades of prior precedent:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

136 S. Ct. at 2257. Courts applying *Mathis* have consistently reached the same conclusion that *Mathis* did not announce a new rule. *See, e.g.*, *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (concluding Mathis did not announce a new rule that would allow a second or successive habeas petition); *Dimott v. United States*, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *3 (Oct. 14, 2016) ("*Mathis* has not been recognized as a case that announced a new substantive rule that is retroactively applicable to cases on collateral review. The Supreme Court made clear that it was not breaking new ground in *Mathis* . . . ."); *Blackwell v. United States*, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016)

4

("By the Court's own admission, *Mathis* does not set a new rule."). *Mathis* did not announce a new rule made retroactively applicable on collateral review and does not afford Acosta the later accrual date of § 2255(f)(3) for purposes of the statute of limitations.

Nor does *Beckles* afford Acosta any basis for relief. In *Beckles*, the Supreme Court held that the advisory United States Sentencing Guidelines, including USSG § 4B1.2, are not subject to a void-for-vagueness challenge. 580 U.S. ___, No. 15-8544, slip op at 5. Acosta did not receive an enhanced sentence under USSG § 4B1.2 and *Beckles* has no application to his sentence. However, even if *Beckles* did apply, *Beckles* would negate, rather than support, relief in Acosta's case. Because *Mathis* did not announce a new rule, and *Beckles* cannot be used to extend the time to file, Acosta's § 2255 Motion is time-barred.

Acosta's Motion is untimely under either § 2255(f)(1) or § 2255(f)(3). A pleading may be subject to dismissal when an affirmative defense, such as statute of limitations, appears on the face of the complaint or petition. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096 (10th Cir. 2009). Because the untimeliness of Acosta's Motion appears on the face of the filing, the Court will dismiss his § 2255 Motion on the grounds of untimeliness. The Court further determines, *sua sponte* under Rule 11(a) of the Rules Governing Section 2255 Cases, that Acosta has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a Certificate of Appealability.

**IT IS ORDERED:**

(1) Defendant/Movant Ronald C. Acosta's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed February 6, 2017 (Doc. 66) is **DISMISSED** under Rule 4 of the Rules Governing Section 2255 Proceedings;

(2) Acosta's letter request for appointment of counsel (Doc. 68) is **DENIED** as moot; and

(3) a Certificate of Appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE